UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

DAVID ALEXANDER                    CIVIL ACTION NO. 6:10-cv-00757

VERSUS                             JUDGE HAIK

PARKER DRILLING OFFSHORE           MAGISTRATE JUDGE HANNA
CORPORATION

## MEMORANDUM RULING

(Rec. Doc. 11)

Before this Court is defendant Parker Drilling Offshore Corporation's motion to compel the plaintiff to produce documents responsive to the defendant's requests for production and for sanctions. (Rec. Doc. 11). The motion is unopposed. Oral argument was held on February 23, 2011. Present in court was Carl M. Duhon, counsel for Parker Drilling. No one appeared on behalf of the plaintiff. For the following reasons, the motion is GRANTED.

### ANALYSIS

Parker Drilling propounded requests for production on the plaintiff on October 27, 2010. Parker Drilling's counsel wrote to the plaintiff's counsel concerning the document requests on December 10, 2010. Parker Drilling's counsel conferred with

the plaintiff's counsel concerning the outstanding discovery requests on January 4, 2011and was informed that plaintiff's counsel would address it, however, plainitff's counsel has not had any further contact whatsoever with Parker Drilling on this subject..  Parker Drilling then filed the instant motion to compel on January 6, 2011.  To date, the plaintiff has not produced any documents responsive to the requests for production.  The plaintiff did not oppose Parker Drilling's motion to compel, and the plaintiff did not even appear at the hearing on Parker Drilling's motion to compel.  Accordingly, the motion to compel is GRANTED and the plaintiff is ordered to respond, fully and completely, to the requests for production not later than fourteen days after the date of this ruling.

Having granted the motion to compel, the undersigned finds that the imposition of sanctions is both appropriate and mandatory.  Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure states that when a motion to compel is granted,

> the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

The imposition of sanctions is not warranted under certain circumstances:  if the motion was filed without the movant's first making a good faith effort to obtain the discovery responses without court action; if the opposing party's failure to respond

was substantially justified; or if other circumstances make an award of expenses unjust. The undersigned finds, however, that none of those circumstances are presented in this case. Accordingly, the undersigned is required to impose sanctions.

Reasonable attorney's fees are determined by multiplying the reasonable hours expended by a reasonable hourly rate.[1] The calculation of reasonable hours requires a determination of whether the total number of hours claimed were reasonable and whether specific hours claimed were reasonably expended.[2] The calculation of what is a reasonable number of hours expended and a reasonable hourly rate requires an analysis of certain factors recognized by the Fifth Circuit in *Johnson v. Georgia Highway Express*.[3] A reasonable hourly billing rate is based on the "prevailing market rates in the relevant community."[4]

In its briefing, Parker Drilling requested sanctions based on its counsel having expended 1.8 hours preparing the motion to compel at the rate of $210 per hour and .5 hours revising and finalizing the motion at the rate of $375 per hour.

---

[1]  *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

[2]  *League of United Latin American Citizens # 4552 (LULAC) v. Rosco Independent Sch. Dist.*, 119 F.3d 1228, 1232 (5th Cir. 1997).

[3]  488 F.2d 714, 717-719 (5th Cir. 1974).

[4]  *Blum v. Stenson*, 465 U.S. 886, 895 (1984).

After reviewing the arguments presented, the applicable law, and the supporting documentation, the undersigned concludes that the number of hours expended by Parker Drilling's counsel was reasonable. Additionally, the undersigned finds that one hour should be added to the 2.3 hours requested in Parker Drilling's briefing for Mr. Duhon's preparation for and attendance at the hearing. Thus, the undersigned finds that it was reasonable for Parker Drilling's counsel to expend 3.3 hours on this matter.

The undersigned further finds that the prevailing market rate in Lafayette, Louisiana, is $150 per hour, in light of the nature of the matter, the complexity of the issues, and the other *Johnson* factors.[5] Therefore, the plaintiff will be ordered to pay, not later than fourteen days after the date of this ruling, to Parker Drilling, through its counsel of record, $150 per hour for 3.3 hours or the total sum of $495.00.

The undersigned further finds that the plaintiff's counsel has failed to participate in discovery in this lawsuit, including but not limited to his failure to respond to the subject requests for production, and his failure to cooperate in the scheduling of depositions. Furthermore, counsel for plaintiff, without any justification or notification to the court, failed to appear at a hearing scheduled

---

[5] See, e.g., *Wilks v. Astrue*, 2009 WL 1788596 (W.D. La. 2009); *Greig v. Thibodeaux*, 2006 WL 2349588 (W.D. La. 2006)(unreported); *Walker v. Petry*, 2006 WL 1084003 (W.D. La. 2006)(unreported).

specifically to address his failures. Consequently, the undersigned finds that the plaintiff's counsel should be ruled into court to show cause why he should not be held in contempt and/or sanctioned.

Therefore, for the foregoing reasons,

IT IS ORDERED that Parker Drilling's motion (Rec. Doc. 11) is GRANTED.

IT IS FURTHER ORDERED that, not later than fourteen days after the date of this ruling, the plaintiff shall respond, fully and completely, to the subject requests for production.

IT IS FURTHER ORDERED that, not later than fourteen days after the date of this ruling, the plaintiff shall pay to Parker Drilling, through Parker Drilling's counsel, the sum of $495.00 in sanctions.

IT IS FURTHER ORDERED that Aidan C. Reynolds, counsel for the plaintiff, David Alexander, shall appear and show cause on March 23, 2011 at 9:30 a.m., why he should not be held in contempt and/or sanctioned for his failure to appear in court and/or participate in discovery in this case.

Signed at Lafayette, Louisiana, this 23rd day of February, 2011.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)